1998]) is instructive. After serving two years in the custody of the California Youth Authority following his plea of guilty to first-degree murder, Torrey was returned to court for imposition of a state prison sentence on the ground that he was not amenable to Youth Authority treatment, and was sentenced to 25 years to life. Rejecting Torrey's claim that his plea was involuntary because he was not advised of the possibility he thus could be returned to court and committed to state prison, the Ninth Circuit held that "the possibility that [Torrey] could be returned to the court for commitment to state prison was not an automatic consequence of his plea" (*id.* at 236). The court reasoned that "exclusion from the Youth Authority is contingent on many factors, including the future conduct of the defendant himself, and cannot be held to be a direct consequence of his plea" (*id.* [footnote omitted]). Finally, what the court concluded about Torrey's "failure to succeed under the original terms of his sentence" is equally applicable to defendant's failure to succeed on interim probation supervision: it "was simply an indefinite possibility on which the trial judge had no duty to speculate" (*id.*).

■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v SURUJDAT MOHABIR et al., Respondents, and PROGRESSIVE INSURANCE COMPANY et al., Appellants. [888 NYS2d 881]—

Supreme Court correctly determined that petitioner presented a prima facie case that additional respondent Singh's vehicle was involved in the accident, which, in view of Singh's sworn denial of involvement, raises a genuine triable issue of fact justifying a stay pending a framed-issue hearing to determine whether the offending vehicle was his (*see Matter of AIU Ins. Co. v Cabreja*, 301 AD2d 448 [2003]; cf. *Matter of New York Cent. Mut. Fire Ins. Co. [Reid]*, 34 AD3d 333 [2006]). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON BROWN, Appellant. [890 NYS2d 887]

Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.

■ In the Matter of SHARNAZA Q. and Another, Children Alleged to be Neglected. CLARENCE W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondents. [890 NYS2d 506]—

Respondent failed to preserve his argument that he was not a person legally responsible for the subject children of his two daughters, and we decline to consider it (see e.g. *Matter of Saraphina Ameila S.*, 50 AD3d 378, 379 [2008], *lv denied* 11 NY3d 709 [2008]).

The court properly denied respondent's motions to dismiss these neglect petitions under Family Court Act § 1051 (c). One child was paroled to her mother, and the other was placed with respondent's mother (the child's great-grandmother). Respondent repeatedly stated that he wished to have contact with his grandchildren, and he did in fact have unsupervised contact with them. "The agreed-upon placement of the child with a relative did not, under the circumstances, obviate the necessity for the court to . . . impose conditions upon respondent" (*Matter of Diana Y.*, 246 AD2d 340 [1998]). Moreover, given the seriousness of respondent's involvement with controlled substances, supervision by the agency is necessary for the purpose of monitoring his conduct (*Matter of A.G.*, 253 AD2d 318, 328 [1999]). This case is distinguishable from *Matter of Kirk V.* (60 AD3d 427 [2009]), where the person alleged to be a danger to the child had not lived or visited with the family for more than four years prior to court's decision. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.

■ JOSE CARDENAS, Respondent-Appellant, v ONE STATE STREET, LLC, Appellant-Respondent. [890 NYS2d 41]—